UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 2:26-cv-04328-BHH-MGB

| | |
|---|---|
| Sade Nelson<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, Carolyn Anderson, in her individual capacity, and Jennifer Coker, in her individual capacity,<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

Sade Nelson, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Sade Nelson is a resident and citizen of the City of Charleston, County of Charleston and State of South Carolina.

2. The Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Carolyn Anderson (herein after referred to as "Anderson") is a citizen and resident of Berkeley, State of South Carolina.

4. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as "Coker") is a citizen and resident of Berkely County, State of South Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of

the Civil Rights Act of 1964, as amended, the 14th Amendment to the Constitution of the United States of America, and Title 9 the United States code 20 U.S.C. § 1681-1688.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are are all, and each of them, situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## II. FACTS

7. The Plaintiff, a black female, now age 38, date of birth of May 19, 1988, was hired by and began her employment with the Defendant, Charleston County School District on or about January 11, 2012 as a secretary-book keeper at the Septima P. Clark Corporation Academy.

8. That the Defendant, "District" is a public school district, operating at all times relevant hereto, approximately 85 schools and specialized programs, including alternative programs, within the confines of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in it's general operating budget, and receives federal financial assistance from the United States Government.

9. That at all times relevant hereto, the Septima P. Clarke Corporate Academy was and is a school operated by the Department of Alternative Programs of the Defendant District and is located at 1929 Grimball Road, on James Island, Charleston County, State of

South Carolina.

10. At all times relevant hereto, the Defendant "Coker" was the Executive Director of Alternative Programs operating by and within the District, including the Septima P. Clark Academy, and was in charge of student discipline for all students in the District, was the Supervisor of the Defendant "Anderson", was a high level Administrator in the Defendant District and was acting at all times within the course and scope of her employment with the Defendant District as a high level Administrator.

11. That from August 23, 2021 through December of 2021, the Plaintiff was employed by the Defendant District as a secretary-bookkeeper at the Septima P Clark Corporation Academy and the Defendant Anderson was the Interim Principal of Septima P. Clark Corporation Academy during that entire time period and was the direct Supervisor of the Plaintiff, and the Defendant Coke was the direct Supervisor of the Defendant Anderson.

12. "During the week of August 23rd through the 27th 2021 in the main office and in front of a male co-worker, the Defendant Anderson loudly said, "Sade, you are so nasty everyday, and you need to go home and get a hard dick to tear you up and straighten you out." I shook but the male co-worker and I looked at one another in disbelief. The Defendant Anderson further stated, "I could be the one to make you holler. I still will. I'm gonna make that pretty girl do some real hollering when I give you that evaluation, and you see your score cause you currently at a one, and it don't look like it's going up nowhere."

13. That the Plaintiff on November 23, 2021 sent an email to the Defendant Coker at 2:51 pm specifically informing the Defendant Coker that during the week of August 23rd through the 27th 2021 in the main office and in front of a male co-worker, Defendant Anderson loudly said, "Sade, you are so nasty everyday, and you need to go home and get a hard

dick to tear you up and straighten you out." I shook but the male co-worker and I looked at one another in disbelief. The Defendant Anderson further stated, "I could be the one to make you holler. I still will. I'm gonna make that pretty girl do some real hollering when I give you that evaluation, and you see your score cause you currently at a one, and it don't look like it's going up nowhere."

14. That during the week of August 30th through September 3rd of 2021, the Defendant Anderson, in the presence of a male co-worker of the Plaintiff, on the premises of the Septima P. Clark Corporate Academy, during school hours at a time the Plaintiff was required to be on the premises looked directly at the Plaintiff and said to the Plaintiff, "I don't understand how you are so damn mean and yet still have the kids. Tell me how you had them, making gestures, standing up like this, bent over like that or on your back, because you're too mean and rude to people."

15. On November 23, 2021 at 2:31 Pm the Plaintiff sent an email to Defendant Coker, informing Defendant Coker that "while in the presence of a male co-worker of the Plaintiff, on the premises of the Septima P. Clark Corporate Academy, during school hours at a time the Plaintiff was required to be on the premises looked directly at the Plaintiff and said to the Plaintiff, "I don't understand how you are so damn mean and yet still have the kids. Tell me how you had them, making body gestures, standing up like this, bent over like that or on your back, because you're too mean and rude to people."

16. On Friday, September 3, 2021 at dismissal time from school at the Septima P. Clark Corporation Academy, while the Plaintiff was working and required by law to be on the premises of Septima P. Clark Corporation Academy, and was walking out of the main office to go home, the Defendant Anderson, again in front of a male co-worker of the Plaintiff, told the Plaintiff to "go home and get yourself some dick this weekend and

please come back a new Sade and get rid of this one here, bye with your cute little self."

17. That on November 23, 2021 at 2:51 pm the Plaintiff sent an email to the Defendant Coker specifically informing her that "On Friday, Sept. 3 at dismissal, while walking out of the main office to go home, Ms. Anderson again was inappropriate in front of a male co-worker and said to me, "go home and get yourself some dick this weekend and please come back a new Sade and get ride of this one here, bye with our cute little self"

18. That the Plaintiff was disgusted and upset at the above conduct and felt violated and on November 23, 2021 at 2:51pm, Plaintiff sent an email to Defendant Coker expressing her disgust at the above stated behavior of the Defendant Anderson and how she felt violated and that it was sexual harassment of her (the Plaintiff).

19. That subsequent to receiving the above email dated November 23, 2021 from the Plaintiff, the Defendant Coker participated in and or recommended and approved the promotion of the Defendant Anderson to be promoted to Permanent Principal from the position of Interim Principal of Septima P. Clark Corporation Academy.

20. That the Defendant Coker never responded in anyway, shape or form to the Plaintiff to address what was written in the Plaintiff's email of November 23, 2021 at 2:51pm, nor did the Defendant Coker call the Plaintiff to discuss what was said in the email.

21. That the Defendant Anderson and Coker retaliated against the Plaintiff for the above stated email of November 23, 2021 and for complaining about the Defendant Anderson's sexual harassment of the Plaintiff by threatening to move the Plaintiff from her main office to the back of the school building even though the Plaintiff had been working in the main office since 2012.

22. The Defendant Anderson threatened the Plaintiff with a bad evaluation for complaining about the sexual harassment.

23. That the sexual abusive and harassment of the Plaintiff by the Defendant Anderson continued even after the email the Plaintiff sent to Defendant Coker on November 23, 2021 because the Defendant Coker never took any action of any kind against the Defendant Anderson for the behavior and words described in the email dated November 23, 2021, and the Defendant Anderson continued to harass the Plaintiff a lot about needing a dick to straighten her out, all on the premises of Septima P. Clark Corporation Academy, and this continued the entire time that the Defendant Anderson was the Plaintiff's Supervisor until January of 2022 when the Plaintiff went to Haupt Gap Middle School far an internship to be a school counselor, but the Defendant Anderson continued to call and text the Plaintiff even then.

24. That the actions and inactions of the Defendants Anderson and Coker resulted in the Plaintiff suffering stress, anxiety and depression and physical symptoms of pain caused by the distress which necessitated the Plaintiff to seek medical care and mental health counseling and incur medical expenses.

25. That during all the time period set forth above, while the Defendant Anderson was the acting Interim Principal of the Septima P. Clark Corporation Academy and the direct supervisor of the Plaintiff, the Defendant Anderson told her employees at the Septima P. Clark Corporation Academy, including the Plaintiff that "Coker loves her" and there is nothing anyone could do about her behavior because "Coker loves her".

26. That the Defendant Coker failed to adequately manage or control the actions and inactions, behavior or words as set forth above as Interim Principal of the Septima P. Clark Corporation Academy, when she knew or reasonably should have known about the sexual harassment by Defendant Anderson and behavior of Defendant Anderson towards the Plaintiff and other employees of the Septima P. Clark Corporation Academy.

**FOR A FIRST CAUSE OF ACITION**
**(Violation of Civil Right 42 U.S.C. §1983)**

27. The plaintiff repeats and realleges the preceding paragraphs as if restated verbatim hereto.

28. While acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff of the basis of her race and gender, in violation of his right to equal protection of rights provided for in the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a sexually hostile work environment.

29. That while acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff on the basis of her sex in violation of his right to work in an environment free of racial and sexual harassment.

30. The Defendants' actions and each of them, as above stated, were intentional, willful, malicious, and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. §1983 against all Defendants, and punitive damages against the Defendants Anderson and Coker.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of Title VII of the Civil Rights Act of 1964, as amended) Section 2000(e)**

31. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

32. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.§2000(e)2 prohibits employment discrimination based sex under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

33. The Defendant District and Defendants Anderson and Coker, as agents and high-ranking Administrators with final decision-making authority over the Plaintiff are employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)2, et. seq,

34. On or about July 1, 2026 the Plaintiff was emailed a "Notice of Right to Sue(Issued on Request)" from the United States Equal Employment Opportunity regarding the Plaintiff's charge of racial and sexual discrimination and the other allegations set forth in the Plaintiff's Charge of Discrimination dated 2-16-2022, including claims under Title VII 42 U.S.C.§2000(e)2, retaliated for complaining about violations of each of those against the Defendant District.

35. The Defendants' and each of them as above stated and repeated verbatim herein, caused the Plaintiff to work in a sexual hostile environment, including frequent sexual talk directed to the Plaintiff by her supervisor the Defendant Anderson as ignored by the Defendant Coker, as above stated, that was tolerated and not adequately addressed by the Defendant District.

36. That the sexually hostile environment described above adversely affected the terms and conditions of the Plaintiff's employment with the District and violated Plaintiff's rights under 42U.S.C.§2000(e).

37. As a direct and proximate result of the Defendant's conduct, and each of them, as described above in violation of 42U.S.C.§2000(e), and Title VII, the Plaintiff has suffered stress, anxiety, adverse physical symptoms, psychological disturbances, fear, and depression for which the Plaintiff had to seek medical treatment for, incur medical expenses.

38. The actions and omissions of the Defendants, and each of them as described above

were unlawful, knowing, and in reckless disregard and recklessly indifferent to Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential, compensatory damages, as well as attorney fees and cost under Title VII and 42U.S.C.§2000(e) against all of the Defendants, and punitive damages as well as against the Defendants Anderson and Coker.

**FOR A FOURTH CAUSE OF ACTION**
**(Violation of Title IX, 42U.S.C.§1681-1688)**

39. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

40. 42U.S.C.§1681 (a) specifically states that "no person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of or be subjected to discrimition under any education program or activity receiving federal financial assistance, and as stated above, while acting under color of state law the Defendants and each of them, excluded the Plaintiff from participation in, denied the Plaintiff the benefits of and subjected the Plaintiff to discrimination from working in an education program, working as a Student Support Specialist at a Charleston County public school by subjecting her to unwelcome sexual harassment, by the Plaintiff's Principal, the Defendant Anderson, making it different or impossible for the Plaintiff to continue working in that capacity.

41. The Defendants actions and omissions as above stated were done under color of state law with reckless indifference to the federally protected rights of the Plaintiff under Title IX, Section 42 U.S. C.§1681-1688, and entitles the Plaintiff to actual and consequential and compensatory benefits as well as attorney fees from all of the Defendants and each them, as well as punitive damages against the Defendants

Anderson and Coker.

42. That the actions and omissions of Defendant Anderson and Coker, were the actions of final decision makers with the Defendant District and were the actions and omissions of high-ranking Administrators of the Defendant District regarding the condition of the Plaintiff's employment with the Defendant District so that the actions and omissions of the Defendant Anderson and Coker are those of the Defendant District.

**FOR A FIFTH CAUSE OF ACTION**

**(Retaliation for bringing a Title VII claim under section 704(a) of Title VII of the Civil Rights Acts of 1964, 42U.S.C.§2000(e) 3a)**

43. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

44. That Section 704(a) of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)-3a makes it illegal for an employer to retaliate against an employee who opposed racial or sexual discrimition or filed a Title VII charge, and as set forth above, the Defendant District, by and through the actions of the Defendants Anderson and Coker retaliated against the Plaintiff for opposing the racial and sexual discrimination against him.

45. That the Defendant Anderson and coker would not have retaliated against her as above stated, if the Plaintiff had not complained, all which happened in close proximity, timewise while the Defendant Anderson was the Plaintiff's Supervisor.

46. That the acts and omissions of retaliation of the Defendant Anderson against the Plaintiff as above stated were the actions of final decision makers and high Administrative Officials of the Defendant District, were done under the color of state law, regarding the conditions of employment of the Plaintiff with the Defendant

District and the Plaintiff is entitled to compensatory, consequential and punitive damages against the Defendant Anderson and Coker.

**FOR AN EIGHTH CAUSE OF ACTION**
**(Retaliation against the Plaintiff for complaining pursuant to 34 C.F.R.§106.71)**

47. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

48. 34 C.F.R.§106.71 prohibits retaliation against intimidation, coercions and discrimination against any individual who opposes practices made unlawful by Title IX, which is what happened to the Plaintiff for opposing the Defendant Anderson's sexual harassment of her as set forth above.

49. That the retaliation by the Defendant Anderson was done in her capacity as a final decision maker of the Defendant District, and were done under the color of state law, and the Plaintiff is entitled to actual, compensatory and consequential damages, attorney fees and punitive damages against the Defendant Anderson for the stress, anxiety, depression that was has caused her as the direct result of Defendant Anderson actions as above stated.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, and any physical symptoms of ill health, stress, anxiety, insomnia, change in his personality, medical expenses and income loss and his "Situational Anxiety" acceleration to Post-Traumatic Stress Disorder, all of which contributed to the Plaintiff seeking early retirement;

2. Actual damages against all of the Defendants;

3. Punitive damages against the Defendants "Rodgers" and "Coker";

4. Reasonable attorney fees and costs; and

5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 28, 2026

Charleston, South Carolina